JjNORRIS, Chief Judge.
Tyrone Adger and Anthony Williams appeal their conviction of second degree kidnapping and sentence of 20 years at hard labor, two years of which are without benefit of parole, probation, or suspension of sentence, with credit for time served. For the following reasons, we affirm the conviction and sentence.

Facts

On September 22, 1998, the defendants entered the Video Bank in Oil City where Mrs. Betty Grinage was working. The defendants stated they wanted to rent some videos, so Mrs. Grinage asked them to fill out an application. The defendants returned the next day and Mrs. Grinage told them that their applications had been denied. Mrs. Grinage became nervous when the defendants remained in the store and began to act suspiciously, so she called her husband, Jeffery Grinage. The defendants left.
Later that night, the defendants returned and Mrs. Grinage, nervous again, pressed redial on the telephone calling her husband. He answered the phone and only heard his wife say his name before the line went dead. Adger had jumped over the counter and choked Mrs. Grinage with a cord until she lost consciousness.
Mr. Grinage became concerned and drove to the Video Bank. When he arrived, he noticed two black males were present. He asked one of the men what he was doing and the person replied that he was helping Mrs. Grinage carry some boxes. Mr. Grinage proceeded inside the store where he asked the other black male what was going on. Mr. Grinage did not see his | ¿wife, became suspicious, and hit one of the men. The men attacked Mr. Grinage and choked him with a video cable until he lost consciousness. When Mr. Grinage came to, he was in the cab of his pickup truck, which had been wrecked. Although Mr. Grinage later identified the defendants as the black males he saw, he could not identify which one he saw outside, which one he hit, which one of them had choked him, or which one was driving his truck.
When Mrs. Grinage regained consciousness, she found herself locked in the trunk of her car. The vehicle stopped and the trunk was opened. Mrs. Grinage began fighting with Adger and bit him. Adger strangled, beat, bit and eventually forced Mrs. Grinage back into the trunk. He could not shut the trunk to lock it, however, because Mrs. Grinage repeatedly put her arm and hand in the way as he slammed the trunk’s lid. Eventually, Mrs. Grinage was able to escape and ran to a nearby restaurant where 911 was called.
The defendants were each charged with two counts of armed robbery, two counts of second degree kidnapping, and two counts of attempted second degree murder. They each pled guilty to one count of second degree kidnapping on March 6, 2000, in accordance with a plea agreement, after eluding law enforcement for four months by hiding out in Texas. The court *307 sentenced them to 20 years at hard labor, two years of which are without the benefit of parole or probation of sentence, with credit for time served.
Defendants objected and filed motions to reconsider sentence which were denied. Defendants then filed for appeal. Defendants argue that their [¡¡sentences were unconstitutionally excessive, and Adger further alleges that the trial court failed to comply with La.C.Cr.P. art. 894.1 and that the court erred in denying his motion to reconsider sentence. Adger argues these assignments of error together.

Discussion

Adger argues that the trial judge failed to adequately comply with the provisions of La.C.Cr.P. art. 894.1. Adger claims that the trial judge provided an inadequate explanation for his sentence and failed to consider that he had been gainfully employed, was only 19 years old at the time of the offense, and his criminal conduct arose from circumstances unlikely to recur.
The trial judge is not required to list every aggravating or mitigating circumstance listed in La.C.Cr.P. art. 894.1, so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2 Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Even though the trial judge did not mention the defendant’s employment history, the PSI report indicated that the defendant stated that he had been unemployed since he graduated from high school in 1997 except for working for a temporary employment service for two months in 1998. Therefore, there is no indication that the trial judge failed to consider this factor. Furthermore, this information does not support the defendant’s allegation that he was gainfully employed and does not serve as a mitigating factor. In addition, a review of the record reveals that the trial judge also considered the defendant’s age. The trial judge stated, “So we have to balance his young age, the lack of serious record, against the terrible crimes that he did.”
The trial judge noted that the defendant’s conduct manifested deliberate cruelty to his victims. The defendant and his co-defendant choked both Mr. and Mrs. Grinage until they fell unconscious. He and his co-defendant placed Mrs. Grinage in the trunk of her car and then she was beaten. After this incident, Mrs. Grinage left the state because she felt unsafe. The victims together incurred $20,000 in medical expenses and damage as a result of this incident. Since the record contains an adequate factual basis for the defendant’s sentence, the trial judge did not violate the provision of La.C.Cr.P. art. 894.1.
| ¡¡Adger and Williams assign as error that the trial court imposed constitutionally excessive sentences. The state argues that review of the defendants’ sen *308 tences is precluded by La.C.Cr.P. art. 881.2 A(2) because the plea agreement allowing the defendants to plead guilty to only one count of the six-count indictment operated as a sentencing cap of 40 years. La.C.Cr.P. art. 881.2 A(2) provides: “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies both to agreed sentences and to agreed ceilings, “ranges” or “caps.” State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App. 2 Cir. 12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340.
However, the instant record discloses no agreement as to a specific sentence or cap. Pleading guilty to a lesser charge, without pleading to a specific sentence or sentencing cap, does not constitute agreeing to a sentence “set forth in the record at the time of the plea,” and as such, is appealable for constitutional excessiveness. State v. Pickens, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, 699, writ denied, 99-1577 (La.11/5/99), 751 So.2d 232; see also State v. Fairley, 97-1026 (La.App. 1 Cir. 4/8/98), 711 So.2d 349. Furthermore, appeals are favored and there is a constitutional right in Louisiana to an appeal. State v. Simmons, 390 So.2d 504 (La.1980).
Defendants argue that their sentences of 20 years at hard labor, two years of which are without the benefit of parole, probation, or suspension of | (¡sentence, with credit for time served are unconstitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2 Cir, 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2 Cir. 4/2/97), 691 So.2d 345.
For the instant offense, La. R.S. 14:44.1 sets forth the punishment as:
Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.
|7The defendants were sentenced to served 20 years at hard labor, two years of which were to be served without benefit of parole, probation, or suspension of sentence, with credit for time served.
Adger argues that the court failed to particularize his sentence to fit both him and the offense. The court ordered a PSI report and allowed Adger to supplement it *309 with two personal letters. The court also heard the testimony of the victim, Betty Grinage, at the sentencing hearing. The court also outlined the various mitigating and aggravating factors for Adger under La.C.Cr.P. art. 894.1. Furthermore, the record supports a finding that the Adger’s pled offense does not adequately describe his heinous conduct. Adger received a significant benefit from the plea agreement, because he reduced his sentencing exposure from a possible 378 years to a maximum of 40 years. The sentence is not constitutionally excessive in light of the facts of this offense. Accordingly, the court did not abuse its discretion by imposing a mid-range sentence for Adger, and his sentence does not shock the sense of justice when viewed in light of the harm done to society.
Williams argues that his sentence is unconstitutionally excessive because it is not tailored to him and the particular offense he committed. The defendant was a first felony offender, only 19 years old at the time, and played a lesser role than Adger. Williams also argues the court put undue emphasis on the dismissed charges, to which he pled not guilty. Contrary to the defendant’s argument, the court was aware of his young age and that the instant offense is his only adult conviction, as evidenced in the PSI report. However, the court noted the presence of a juvenile record.
| sThough the charges against Williams for his acts against Mr. Grinage were dismissed, the court properly took cognizance of those facts in fashioning Williams’s sentence. This does not indicate error, because in selecting a proper sentence the court is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2 Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Mayles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Jones, 31,569 (La.App. 2 Cir. 12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App. 2 Cir. 10/29/97), 702 So.2d 40, 42. Williams, like Adger, received a substantial' benefit from the plea agreement, because it greatly reduced his sentencing exposure from a possible 378 years to a maximum of 40 years. The trial judge did not abuse his discretion by imposing a mid-range sentence on Williams, and his sentence does not shock the sense of justice when viewed in light of the harm done to society.

Conclusion

For the foregoing reasons, the defendants’ convictions and sentences are affirmed.
AFFIRMED.