985 So.2d 1253 (2008)
STATE of Louisiana, Appellee,
v.
James C. MARTIN, Jr., Appellant.
No. 43,243-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*1254 Louisiana Appellate Project by Carey J. Ellis, III, for Appellant.
J. Schuyler Marvin, District Attorney, John Michael Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and LOLLEY, JJ. LOLLEY, J.
LOLLEY, J.
The defendant, James C. Martin, Jr., was charged by bill of information with three counts of simple burglary, violations of La. R.S. 14:62. As a result of a plea agreement, Martin pled guilty to one count of simple burglary with the other counts being dismissed. The plea agreement included a sentencing cap of nine years and no multiple offender billing. The trial court subsequently imposed the maximum sentence, under the plea agreement, nine years at hard labor with credit for time served. A timely motion for reconsideration of sentence was denied and this appeal followed. For the following reasons, we affirm Martin's conviction and sentence.

FACTS
According to the information provided by the state during the plea hearing, blood was found inside the Minden Floral Shop after a burglary of the business. DNA testing matched the blood from the scene to Martin, who was charged with the burglary of the Minden Floral Shop as well as the burglary of two other businesses, The Blossom Shop and Minden Antiques & Gifts.
As a result of a plea agreement, Martin pled guilty to the burglary of the Minden Floral Shop while the other charges were dismissed. In addition to the dismissal of the other pending burglary charges, the state agreed not to file a habitual offender bill of information against Martin and his potential sentencing exposure was capped at nine years. The trial court ordered a presentence investigation, and Martin ultimately was sentenced to nine years at hard labor. Subsequently, Martin filed a motion to reconsider sentence which was denied by the trial court, and this appeal ensued.

DISCUSSION
On appeal, Martin contends that his sentence is excessive and that it should be reviewed despite the fact that a sentencing cap had been agreed upon as a result of the plea bargain. The state argues that the imposed sentence is not excessive. For the following reasons, we determine that a review of Martin's sentence is warranted; however, we conclude that it is not excessive.
As stated, Martin argues that the sentence imposed by the trial court should be reviewed despite the provisions of La. C. Cr. P. art. 881.2, because the defendant did not intelligently waive his constitutional right to appellate review of his sentence for excessiveness. Notably, La. C. Cr. P. art. 881.2(A)(2) provides that, "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."
Generally, where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved, and there is no need for the trial judge to give reasons for the sentence as normally *1255 required by La. C. Cr. P. art. 894.1. State v. Foster, 42,212 (La.App.2d. Cir.08/15/07), 962 So.2d 1214; State v. Bailey, 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116, writ denied, XXXX-XXXX (La.09/22/06), 937 So.2d 377.
When the right to appeal is mentioned by the trial judge during the plea colloquy, even though there is an agreed sentence or sentencing cap, we have allowed the defendant's sentence to be reviewed. Otherwise, the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea might arise. See Foster, supra. In the instant case, immediately after sentencing, the trial court advised the defendant of the time limits for appealing his sentence and applying for post conviction relief. Here, the trial court did not mention any appeal rights during the plea; therefore, it could not have influenced the plea and the sentence is not reviewable.
Although we need not review the sentence for excessiveness, we do so out of an abundance of caution. Even though compliance with La. C. Cr. P. art. 894.1 is not required because of the sentencing cap, it is noted that the record shows that the trial court in fact took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La. App.2d Cir.02/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.09/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
Louisiana R.S. 14:62 provides that, "whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." As stated, as a result of a plea agreement, two other simple burglary charges against Martin were dismissed, and he was ultimately sentenced to nine years at hard labor with credit for time served. In this case, the trial court ordered and carefully considered a presentence investigative report, which reflected a long criminal record for Martin. We find no error in the nine-year sentence imposed upon this multiple felony offender *1256 who avoided prosecution of two other felony crimes in exchange for sentencing leniency. Here, Martin would have been exposed to a greater sentence had the state filed and successfully prosecuted a habitual offender proceeding against the defendant. We find the sentence is neither grossly out of proportion to the seriousness of the offense, nor is it nothing more than a purposeless and needless infliction of pain and suffering. The sense of justice is not shocked by the imposition of this sentence upon this offender.

CONCLUSION
For the foregoing reasons, the conviction and sentence of James C. Martin, Jr. are affirmed.
AFFIRMED.