986 So.2d 243 (2008)
STATE of Louisiana, Appellee,
v.
Edward FIZER, Appellant.
No. 43,271-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*244 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, Marcus Patillo, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, and GASKINS, JJ.
GASKINS, J.
The defendant, Edward Fizer, was charged with distribution of cocaine, contrary to La. R.S. 40:967(A). Pursuant to a plea bargain, he pled guilty as charged with a 10-year sentencing cap, and the state agreed not to file a habitual offender bill. The defendant was sentenced to serve 10 years of imprisonment at hard labor, the first two years to be served without the benefit of probation, parole or suspension of sentence. A timely motion to reconsider sentence was denied. The defendant now appeals his sentence as excessive. We affirm.
Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Bailey, 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116, writ denied, XXXX-XXXX (La.9/22/06), 937 So.2d 377; State v. Smith, 39,719 (La. App.2d Cir.5/11/05), 903 So.2d 598. See also La. C. Cr. P. art. 881.2; and State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214; State v. Burford, 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.
When the right to appeal is mentioned by the trial judge during the plea colloquy, even though there is an agreed sentence or sentencing cap, we have allowed the defendant's sentence to be reviewed. Otherwise, the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea *245 might arise. See Foster, supra. In the instant case, immediately after sentencing, the trial court specifically advised the defendant of the time limits for appealing his sentence. The trial court did not mention any appeal rights during the plea; therefore, it could not have influenced the plea and the sentence is not reviewable.
Although we need not review the sentence for excessiveness, we do so out of an abundance of caution. While compliance with La. C. Cr. P. art. 894.1 is not required because of the sentencing cap, we note that the record shows that the trial court in fact took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La. App.2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App.2d Cir.12/13/06),3 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Furthermore, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Distribution of cocaine is punishable by imprisonment at hard labor for not less than two nor more than 30 years, with the first two years to be served without benefit of probation, parole or suspension of sentence, and a possible fine of not more than $50,000. La. R.S. 40:967(B)(4)(b). The trial court imposed a sentence of 10 years of imprisonment at hard labor, the first two years of which were ordered to be served without the benefit of probation, parole or suspension of sentence. The defendant is a third felony offender with an extensive criminal history who received substantial benefits as a result of the plea bargain agreement. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice.
The defendant's conviction and sentence are affirmed.
AFFIRMED.