LOLLEY, J.
 

 _J_iThe defendant, Tamario Taylor, was charged with three counts of Distribution of Cocaine, a violation of La. R.S. 40:967(A). Pursuant to a plea bargain, he pled guilty to two charges of Distribution of Cocaine, with a sentence cap of 20 years, the sentences to run concurrently. He subsequently received concurrent 15-year sentences. After a motion for reconsideration of sentence was denied, Taylor filed the instant appeal; his single assignment of error alleges excessiveness of sentence. Because a sentence imposed within an agreed range cannot be appealed as excessive, Taylor’s conviction and sentence are affirmed.
 

 
 *483
 
 Facts
 

 On October 4, 2007, Taylor was charged by bill of information with three counts of knowingly and intentionally distributing cocaine, a violation of La. R.S. 40:967(A). On February 20, 2008, he entered a guilty plea pursuant to a plea bargain. At the beginning of the guilty plea hearing, the state announced the terms of the plea bargain that included Taylor’s pleading guilty to only two counts of distribution of cocaine, with a presentence investigation, and a sentencing cap of 20 years for each court with the sentences to run concurrently. Taylor then was asked if he intended to plead guilty as stated under the agreement, and he responded in the affirmative.
 

 After Taylor was sworn and indicated his satisfaction with his legal representation, the court informed him that distribution of cocaine carries a term of imprisonment at hard labor for not less than 2, nor more than 30 years, with the first 2 years of the sentence being without benefit of parole, |gprobation, or suspension of sentence, and that a fine also could be imposed of not more than $50,000.00. Taylor acknowledged the possible sentence as well as the fact that by pleading guilty he would be subject to enhanced sentences for future felonies under the habitual offender laws.
 

 The trial court then informed Taylor of his right to a jury trial, his right to confrontation, his right to remain silent, and his right to appeal if found guilty; the trial court further informed Taylor that by pleading guilty, Taylor would be giving up all these rights, and Taylor acknowledged his understanding. After hearing a recitation of the factual basis for each count of distribution of cocaine, Taylor acknowledged the correctness of the recitation. When he then was asked how he pled on the two counts, he responded, “Guilty.” The court accepted the guilty pleas and ordered a presentence investigation.
 

 On June 2, 2008, Taylor appeared at his sentencing hearing. After hearing a statement from Taylor, the trial court reviewed his criminal history, including 1999 convictions for second degree battery and purse snatching, and a 2001 plea to illegal use of a weapon. The court also noted Taylor’s family and educational history and the seriousness of the offense, and found not only that there were no grounds to excuse the criminal activity, but also that Taylor’s criminal conduct was the result of circumstances likely to recur. The court then sentenced Taylor on each count to 15 years at hard labor, 2 years of which was to be served without benefit of probation, parole, or suspension of sentence; the court ordered the sentences to run concurrently with credit for time served. Taylor’s | ¡¡subsequent motion for reconsideration of sentence was denied, and he then appealed, assigning as error only excessiveness of sentence.
 

 Discussion
 

 While Taylor and the state have made their respective arguments on appeal concerning whether or not the sentence is excessive, the threshold question should be whether a sentence imposed within an agreed range can properly be appealed as excessive.
 

 Article I, Section 19, of the Louisiana Constitution provides for the right of judicial review and specifically states that this right may be intelligently waived. If a defendant can completely waive the right to judicial review, then it follows that a defendant can intelligently waive the right to review of his sentence for excessiveness. Furthermore, La. C. Cr. P. art. 881.2(A)(2) provides, “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was
 
 *484
 
 set forth in the record at the time of the plea.”
 

 These statutory provisions essentially amount to a waiver of a portion of the right to judicial review, and that waiver is both constitutional under Article I, Section 19, and logical for the following reasons. When a defendant pleads guilty in conformity with a plea agreement that either provides a specific term of imprisonment, or sets a specific sentencing cap, the defendant is acknowledging his agreement to the specific term of imprisonment or to the specific cap, and his agreement must be considered informed and intelligent in this respect.
 

 ^Additionally, his agreement on the sentence, as part of a voluntary plea bargain that mutually benefits the defendant and the state, should be binding; a defendant who has intelligently agreed to specific sentencing terms should not be allowed to attack those terms later on appeal. Accordingly, a plea agreement, set forth in the record at the time of the plea, that imposes either a specific sentence or a sentencing cap, logically constitutes an implicit waiver of the right to seek review of a sentence imposed in conformity with the plea agreement.
 

 In
 
 State v. Young,
 
 1996-0195, 680 So.2d 1171 (La.10/15/96), the Louisiana Supreme Court resolved a conflict among the circuits concerning whether the prohibition on appealing a sentence that was the result of a plea bargain applied both to plea agreements involving sentencing caps and to specific sentences. The court held that the legislature clearly intended La. C. Cr. P. art. 881.2(A)(2) to apply to plea agreements involving both specific sentences and sentencing caps. The
 
 Young
 
 court noted that the defendant had voluntarily and with the assistance of counsel decided to enter into a plea agreement so that he would not be subjected to a term of imprisonment longer than a total of 30 years for all of the charges against him. The defendant was sentenced to a term of imprisonment which was less than the sentencing cap he pled guilty under; therefore, the court found that La. C. Cr. P. art. 881.2(A)(2) precluded the defendant from appealing his sentence imposed in conformity with a plea agreement that was set forth in the record at the time of his plea.
 

 | ¡¿This court has repeatedly stated that where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved; however, we also have stated that when the right to appeal has been mentioned by the trial court during the plea colloquy, even though there is an agreed sentence or sentencing cap, the defendant’s sentence may be reviewed.
 
 State v. Fizer,
 
 43,271 (La.App.2d Cir.06/04/08), 986 So.2d 243;
 
 State v. Martin,
 
 43,243 (La.App.2d Cir.06/04/08), 985 So.2d 1253.
 

 In the instant case, Taylor did not reserve the right to review the sentence during the plea colloquy, and the trial court, rather than telling the defendant he could appeal, told him that by pleading guilty he would give up certain rights, including the right to appeal. Thus, under these circumstances, we hold that La. C. Cr. P. art. 881.2(A)(2) precludes Taylor from appealing his sentence imposed in conformity with a plea agreement that was set forth in the record at the time of his plea.
 

 Finally, in the past this court, in an abundance of caution, often has reviewed excessiveness claims even after stating that a sentence imposed within an agreed range cannot be appealed as excessive. However, we conclude that this practice is
 
 *485
 
 not in the interest of sound judicial administration, because it encourages meritless appeals, like this one, that challenge only the alleged excessiveness of a sentence imposed pursuant to and in conformity with a sentencing cap voluntarily and intelligently agreed |eto by the defendant. Such appeals waste judicial resources. Counsel representing defendants who have no other issues are hereby cautioned against filing such appeals.
 

 Conclusion
 

 For the foregoing reasons, Tamario Taylor’s conviction and sentence are affirmed.
 

 AFFIRMED.