BROWN, Chief Judge.
 

 | defendant, Nathan Brent Pullig, pled guilty to manslaughter, a violation of La. R.S. 14:31, and aggravated battery, a violation of La. R.S. 14:34. Pursuant to the terms of his plea agreement, defendant was sentenced to 30 years at hard labor for the manslaughter conviction and 10 years at hard labor for the aggravated battery conviction. The sentences were ordered to be served concurrently. Defendant now appeals, urging that his sentence is excessive. We affirm defendant’s convictions and sentences.
 

 Facts
 

 Defendant was charged by bill of indictment on July 25, 2001, with the second degree murder of Rodney Jiles and the aggravated battery of Richard Tyler. On May 27, 2001, defendant shot Jiles several times in the back during an argument, and Richard Tyler was shot in the right arm as he was trying to break up the fight.
 

 On September 17, 2003, after a day of testimony at his jury trial, defendant entered a guilty plea to manslaughter (Jiles) and aggravated battery (Tyler). Under the terms of his plea bargain, defendant agreed to serve 30 years at hard labor for the manslaughter conviction and 10 years at hard labor for the aggravated battery conviction, with the sentences to be served concurrently.
 

 Before accepting defendant’s plea, the trial court informed defendant of his rights as required by La. C. Cr. P. art. 556.1. Specifically, the court informed defendant of his right to a jury trial, his right against self-incrimination, and his right to confrontation. The court sentenced defendant pursuant to the terms of the plea agreement. After sentencing, the trial court 12informed defendant of the time limitations in which to file an appeal and to seek post-conviction relief.
 

 Defendant filed a pro se motion for appeal on September 23, 2003. The motion was never ruled upon by the trial court. On January 15, 2009, in No. 44,158-KH, this court reinstated defendant’s right to file an appeal. This appeal ensued.
 

 Discussion
 

 Defendant concedes that under La. C. Cr. P. art. 881.2(A)(2) and applicable jurisprudence, he cannot appeal or seek review of a sentence he made in conformity with a plea agreement. He nonetheless argues that this court should examine whether defendant was aware that by pleading guilty he was waiving his right to appeal the excessiveness of his sentence, consistent with an inquiry this court made in
 
 State v. Foster,
 
 42,212 (La.App. 2d Cir.08/15/07), 962 So.2d 1214. Defendant asserts that he was not aware that he was waiving his right to appeal by pleading guilty because the trial court never informed him that he was waiving his right to appeal during the guilty plea colloquy and because the trial court told defendant of the timing delays to file an appeal at the end of the sentencing hearing.
 

 According to the state, defendant is not entitled to appeal his sentence since he pled guilty and was sentenced to an agreed-upon sentence. The state also contends that
 
 State v. Foster, supra,
 
 is inapplicable to the instant case because
 
 State v. Foster
 
 involved a sentencing cap and in this case defendant pled guilty to an agreed-upon sentence with a specific term.
 

 
 *1045
 
 La. C. Cr. P. art. 881.2(A)(2) provides:
 

 |sThe defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps.
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Burford,
 
 39,801 (La.App. 2d Cir.06/29/05), 907 So.2d 873.
 

 In
 
 State v. Foster, supra,
 
 this court held that a sentence made in conformity with a plea agreement could be reviewed if the record showed that the defendant did not contemplate that by pleading guilty he was waiving his right to appeal his sentence for excessiveness. In that case, the defendant entered into a plea agreement wherein he agreed to a 30-year sentencing cap for the offense of armed robbery. On appeal, this court observed that the trial court informed the defendant that by pleading guilty the defendant was waiving his right to appeal “except as to the amount of his sentence.”
 
 Id.
 
 at 1218. This court reasoned that the trial court’s statement, which was contrary to La. C. Cr. P. art. 881.2, caused the defendant to have not intelligently waived his right to appeal the excessiveness of his sentence, and thus, the appeal was allowed.
 

 In
 
 State v. Fizer,
 
 43,271 (La.App. 2d Cir.06/04/08), 986 So.2d 243, this court addressed the issue of whether a defendant could seek review of his sentence, made within an agreed-upon sentencing cap, when the trial court informed the defendant of the time limitations within which to appeal his sentence immediately after sentencing. In
 
 Fizer,
 
 we reasoned that because the trial court did not mention any appeal rights during the | defendant’s plea colloquy, the defendant’s plea was not influenced by a belief that he could later seek review of his sentence.
 
 Id.
 
 at 244-45.
 
 See also State v. Scott,
 
 44,509 (La.App. 2d Cir.08/19/09), 17 So.3d 1058;
 
 State v. Taylor,
 
 44,205 (La.App. 2d Cir.05/13/09), 12 So.3d 482;
 
 State v. Martin,
 
 43,243 (La.App. 2d Cir.06/04/08), 985 So.2d 1253.
 

 In the instant case, the trial court advised defendant
 
 after sentencing
 
 of the time limitations within which to file an appeal. The court did not inform defendant of a right to appeal or seek review of his sentence during the plea colloquy. The record also shows no evidence of a belief on the part of the court and/or the parties that defendant was reserving his right to seek review of his sentence. Since the trial court’s advisement was made after defendant entered his plea, it had no effect on the voluntariness of defendant’s plea, and defendant is precluded from seeking review of his sentence, which was made in conformity with the plea agreement.
 
 See State v. Taylor, supra; State v. Martin, supra; State v. Fizer, supra.
 
 This assignment of error is without merit.
 

 Conclusion
 

 For the reasons set forth above, defendant’s convictions and sentences are affirmed.