GASKINS, J.
hThe defendant, Shelvin Garner, pled guilty to one count of distribution of a Schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967(A). He was sentenced to 20 years at hard labor. We affirm the defendant’s conviction and sentence.
FACTS
On December 28, 2009, the defendant sold three rocks of crack cocaine for $50.00 to a confidential informant working with the Minden Police Department. The sale *188 took place in the defendant’s 1994 Chevrolet Suburban off Fincher Road in Minden. The defendant also sold more cocaine to a confidential informant the next day.
The defendant was charged by bill of information with two counts of violating La. R.S. 40:967(A), distribution of a Schedule II controlled dangerous substance. The defendant originally pled not guilty. However, on December 10, 2010, in exchange for a plea agreement in which the state agreed to dismiss the second charge and to refrain from multi-billing him, the defendant pled guilty to one count of distribution. He also agreed to forfeit his Suburban and the cash seized at the time of his arrest. No agreement was made with regard to the defendant’s sentence and the trial judge ordered a presentence investigation (PSI) report.
On February 14, 2011, after reviewing the PSI report, the trial court noted that the 38-year-old defendant had a criminal history and that he was a third-felony offender. The court also observed that the defendant had been on parole and probation previously; he had “numerous” revocations. The court considered that the defendant’s recent social history was not |2provided in the PSI report because the defendant had been incarcerated in another jurisdiction due to jail overcrowding at the time the report was written; therefore, he was unavailable for a history to be taken by the probation officer who compiled the report. However, the trial court had the benefit of information gleaned from an earlier PSI report which showed, among other things, that the defendant was born in Bossier Parish and had lived in Webster Parish his whole life. The court sentenced the defendant to 20 years at hard labor, with the sentence to be served concurrently with any other sentence he was currently serving.
The defendant filed a motion to reconsider sentence and argued that while the sentence was within the range provided by the statute, a lesser sentence of 10 years could achieve the goals of punishment and rehabilitation. The trial court denied the motion for reconsideration.
The defendant has filed this appeal seeking review of the sentence, which he complains is constitutionally excessive.
LAW
According to La. R.S. 40:967, the sentencing exposure for distribution of cocaine is two to 30 years at hard labor, with the first two years being without benefit of parole, probation, or suspension of sentence. The court may also impose a fine of not more than $50,000.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or |smitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Egan, 44,879 (La.App.2d Cir.12/9/09), 26 So.3d 938.
*189 The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is | considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lathan, supra.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267, writ denied, 2007-1394 (La.4/4/08), 978 So.2d 321. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La. App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
DISCUSSION
In this case, the trial court sentenced the defendant to 20 years at hard labor out of a possible 30 years to which it could have sentenced him for one count of distribution of cocaine. In imposing the 20-year sentence, the trial court considered the information contained in the PSI report, including the defendant’s prior criminal history and the fact that he had been unsuccessful on probation and parole in the past. The trial court also noted Uthat the defendant was a third-felony offender and that he pled guilty pursuant a plea agreement by which another charge was dismissed.[1]
The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La. C. Cr. P. art. 894.1. The record here reflects that the judge reviewed and articulated the reasons for his decision and tailored the sentence to this defendant. The sentence imposed is in the mid-range of that which could have been imposed. When the crime and punishment are viewed in light of the harm done to society, 20 years in prison is not grossly disproportionate to the crime committed, and the sentence does not shock the sense of justice.
*190 The trial judge did not abuse his discretion in imposing this sentence. Therefore, this assignment is without merit.
ERROR PATENT
Our error patent review discloses that the trial court failed to order that the first two years of this sentence be served without the benefit of probation, parole, or suspension of sentence, as required by La. R.S. 40:967(B)(4)(b). When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be served is mandated by the statute of conviction, the sentence automatically will be served without benefits for the required time period. La. R.S. 15:301.1(A); State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, 799; State v. Cooks, 36,613 (La.App.2d Cir.12/4/02), 833 So.2d 1034, 1047.
^CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Our review of the PSI report indicates that the defendant was, in fact, a fourth-felony offender.