MOORE, J.
liThe defendant, Travis Gabriel, pled guilty pursuant to a plea agreement to one count of forgery in violation of La. R.S. 14:72 for displaying a counterfeit 60-day license plate. The state agreed to nolle prosse a second count of forgery for possession of a counterfeit temporary insurance card, to not file an habitual offender bill of information, and a five-year sentencing cap in exchange for the guilty plea. The court sentenced Gabriel to three years at hard labor. Gabriel now appeals, alleging the sentence is excessive. We affirm.
FACTS
Gabriel was stopped on March 22, 2008, by Louisiana State Police Trooper Sterling Brett Davis, who spotted the suspected counterfeit temporary license plate tag. After the stop, Davis learned that both the license plate and Gabriel’s insurance card were counterfeit. The defendant admitted he purchased them both for $50.00.
Gabriel was charged by bill of information with two counts of forgery in violation of La. R.S. 14:72. On October 18, 2010, he pled guilty to one count of forgery. In exchange for his guilty plea, the state nolle prossed count two, agreed not to file an habitual offender bill, and agreed to a sentencing cap of five years at hard labor. The court accepted defendant’s guilty plea and ordered a pre-sentence investigation (“PSI”) report.
At sentencing on October 18, 2010, the court reviewed the PSI and sentencing guidelines in accordance with La. C. Cr. P. art. 894.1. The court noted that the defendant was a second felony offender with previous convictions in 1997 for theft and in 2000 for aggravated battery and theft, 12which were reduced charges from attempted first degree murder and armed robbery. The court also considered the defendant’s statement that he was not a danger to society, but considering that he was previously sentenced to hard labor sentences for the violent crimes, the court felt that any lesser sentence than three years at hard labor, consecutive to any other sentence he was serving, would deprecate the seriousness of the offense. The defendant was sentenced accordingly, which was within the agreed-upon sentencing cap. Defendant now appeals, arguing that his sentence is excessive.
DISCUSSION
The defense argues that his three-year sentence is excessive and unduly harsh. Although the sentence was within the agreed-upon sentencing cap, the defendant nonetheless contends he should be allowed to appeal his sentence for exces-siveness because the trial court informed him, after sentencing, that he had 30 days to appeal this sentence.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La. App. 2 Cir. 6/29/05), 907 So.2d 873.
In State v. Fizer, 43,271 (La.App. 2 Cir. 6/04/08), 986 So.2d 243, we considered whether a defendant could seek review of *805 his sentence, made within an agreed-upon sentencing cap, when the trial court informed the defendant of the time limitations within which to appeal his sentence | ¡¡immediately after sentencing. We concluded that because the trial court did not mention any appeal rights during the defendant’s plea colloquy, the defendant’s plea was not influenced by a belief that he could later seek review of his sentence. Id. at 244-45. See also State v. Taylor, 44,205 (La.App. 2 Cir. 5/13/09), 12 So.3d 482; State v. Martin, 43,243 (La.App. 2 Cir. 6/04/08), 985 So.2d 1253.
Here, the defendant pled guilty to forgery in exchange for the state’s dismissal of the second count of forgery, its agreement not to multi-bill the defendant, and a sentencing cap of five years at hard labor. The defendant was sentenced, within the sentencing cap, to three years at hard labor. The record does not show any evidence that the defendant reserved his right to seek review of his sentence. Although the trial court mentioned, after sentencing, the time limitations within which to file an appeal, the court did not inform the defendant of a right to appeal or seek review of his sentence during the plea colloquy. Therefore, since the trial court’s advisement was made after defendant entered his plea, it had no effect on the voluntariness of defendant’s guilty plea. The defendant is precluded from seeking review of his sentence, which was made in conformity with the plea agreement. See State v. Taylor, supra; State v. Martin, supra; State v. Fixer, supra.
This assignment of error is therefore without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.