Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,141-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

KENNETH FULFORD                          Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. F-2018-97

Honorable Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT             Counsel for Appellant
Carey J. Ellis, III

JOHN M. LANCASTER
District Attorney

AMANDA M. WILKINS                       Counsel for Appellee
KENNETH D. WHEELER
Assistant District Attorneys

* * * * *

Before STEPHENS, MCCALLUM, and THOMPSON, JJ.

**THOMPSON, J.**

This criminal appeal arises from the Fifth Judicial District Court, Richland Parish, the Honorable John Clay Hamilton presiding. The defendant, Kenneth Fulford, pled guilty to aggravated arson and aggravated cruelty to animals. He was sentenced to concurrent sentences of 12 years at hard labor, a $500.00 fine and court costs for aggravated arson, and 4 years at hard labor for aggravated cruelty to animals, with no fine or costs.[1] No motion to reconsider sentence was filed. The defendant now appeals challenging only his sentences. For the following reasons, we affirm the defendant's convictions and sentences.

## FACTS

Kenneth Fulford was initially charged by bill of information with aggravated arson, attempted first degree murder, aggravated cruelty to animals and insurance fraud. The charges arose from a fire set by Fulford on April 6, 2017, in his mobile home that was occupied at the time by Fulford, his disabled wife, Lisa, and her service dog. Fulford lit a paper towel on fire and placed it in the spare bedroom while his wife was watching television. When Mrs. Fulford smelled smoke, Fulford went outside with the dog to check it out and returned stating he did not find anything burning. Once smoke began to fill the mobile home, Fulford stood outside at the door and told his wife to come to his voice to get out. Mrs. Fulford suffered from numerous medical conditions and walked with a walker. At the time of the fire, she could not find her glasses, but somehow managed to get to the door

---

[1] As a part of the initial plea bargain, it was agreed that Fulford would pay $30,690.00 in restitution to State Farm for money paid by it as a result of the fire. However, during sentencing, the trial court declined to impose the requirement of restitution as part of Fulford's sentence.

without assistance and Fulford eventually helped her out of the mobile home. Mrs. Fulford sustained third degree burns to her back and shoulder area. Mrs. Fulford's service dog perished in the fire and was found in the hallway near the master bedroom. Fulford was a volunteer fireman and, during the investigation, admitted that he had previously started fires twice at two of his residences and to his truck because he was tired of making payments on it. Fulford also admitted to using the same method for setting the previous fires (lighting paper towels on fire). Fulford admitted setting the instant fire, but denied that he intended to kill his wife. Fulford subsequently agreed, however, that he was trying to end her pain and suffering caused by her medical conditions.

A plea agreement was reached whereby, on December 12, 2018, Fulford pled guilty to aggravated arson and aggravated cruelty to animals in exchange for the state's dismissing the remaining charges of attempted first degree murder and insurance fraud. There was no agreement as to sentencing except that the sentences would run concurrent, and the court ordered a presentence investigation report. On February 20, 2019, Fulford was sentenced to 12 years at hard labor and a fine of $500.00 plus court costs on the aggravated arson conviction and 4 years at hard labor on the cruelty to animals conviction, to run concurrent, with credit for time served. No motion to reconsider sentence was filed. This appeal followed.

## DISCUSSION

In his sole assignment of error, Fulford contends that, as a first-felony offender, his concurrent sentences of 12 and 4 years at hard labor are excessive. Fulford submits that the trial court failed to fully consider mitigating factors including: 1) Fulford did not intend to hurt his wife or his

dog; 2) he attempted to help his wife when she came to the door; 3) the numerous letters from friends and family, including his wife, requesting leniency in sentencing; and 4) his family requested no jail time be imposed on Fulford.

The state submits that Fulford is procedurally barred from challenging his sentences due to his guilty plea and the court advised Fulford that he could not appeal the length or severity of his sentence. Additionally, Fulford failed to file a motion to reconsider sentence. Even if Fulford was not barred from review of his sentence, the state argues that the sentences fall well within the statutory sentencing ranges and the court adequately evaluated the relevant factors under La. C. Cr. P. art. 894.1. Fulford intentionally set fire to his home occupied by his disabled wife, with the intent to murder his wife and killed her service dog. The state argues that at the last minute, Fulford had a change of heart and helped his wife out of the door of the burning trailer. The 12- and 4-year sentences do not shock the sense of justice.

Applicable law:

Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved; however, when the right to appeal has been mentioned by the trial court during the plea colloquy, even though there is an agreed sentence or sentencing cap, the defendant's sentence may be reviewed. La. C. Cr. P. art. 881.2; *State v. Conway*, 50,596 (La. App. 2 Cir. 5/18/16), 196 So. 3d 635; *State v. Taylor*, 44,205 (La. App. 2 Cir. 5/13/09), 12 So. 3d 482, 484; *State v. Fizer*, 43,271 (La. App. 2 Cir. 6/4/08), 986 So. 2d 243; *State v. Martin*, 43,243 (La. App. 2 Cir. 6/4/08), 985 So. 2d 1253.

Where, however, there is no agreement as to a specific sentence or a sentencing cap, the sentence is subject to appellate review. *State v. Lindsey*, 50,324 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1104, 1109. Furthermore, appeals are favored and there is a constitutional right in Louisiana to an appeal. *State v. Simmons*, 390 So. 2d 504 (La. 1980); *State v. Adger*, 35,414 (La. App. 2 Cir. 12/5/01), 803 So. 2d 304, 308, *writ denied,* 03-2458 (La. 10/1/04), 883 So. 2d 997. In pursuing this appeal, Fulford is within his rights.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness: First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*,

4

*supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, only if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. DeBerry*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Jackson*, 48,534 (La. App. 2 Cir. 1/15/14), 130 So. 3d 993.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences

5

arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Allen*, 52,318 (La. App. 2 Cir. 11/14/18), 260 So. 3d 703. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836. Here, the trial court ordered the sentences to run concurrently.

La. R.S. 14:51(B) provides whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than 6, nor more than 20 years, and shall be fined not more than $25,000. 2 years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence. La. R.S. 14:51(B).

La. R.S. 14:102.1(B)(6) provides whoever commits the crime of aggravated cruelty to animals shall be fined not less than $5,000, nor more than $25,000 or imprisoned, with or without hard labor, for not less than one 1 year, nor more than 10 years, or both.

Application of law to facts:

Here, despite the trial court's statement during the guilty plea colloquy that Fulford could not appeal the length or severity of his sentences, Fulford was advised at sentencing that he had the right to appeal his sentence. Further, the record discloses no agreement as to a specific sentence or cap. The court expressly stated that sentencing on both convictions was "whatever the court deems to be appropriate" under the statutes. Pleading guilty to a lesser charge, or in exchange for dismissal of other charges, without pleading to a specific sentence or sentencing cap,

6

does not constitute agreeing to a sentence "set forth in the record at the time of the plea," and as such, is appealable for constitutional excessiveness.

In addition, Fulford's failure to file a motion to reconsider sentence, relegates his review to constitutional excessiveness. The trial court adequately complied with La. C. Cr. P. art. 894 in this matter. Regarding constitutional excessiveness, these midrange concurrent sentences are not disproportionate to the severity of the offenses, nor do they shock the sense of justice.

At sentencing, the trial court stated that it had reviewed the presentence investigation report. The court specifically cited information in the report concerning previous house fires set by Fulford and his last minute change of heart, noting that Fulford "responded affirmatively to the question of whether he set the fire to end his wife's pain and suffering." The court then reviewed the factors of La. C. Cr. P. art. 894.1 and summarized the offense, noting that Fulford did not enter the home as it filled thicker and thicker with smoke, knowing of his wife's diminished capacity to walk and that the dog was inside. Fulford did nothing to assist his wife until she appeared at the door. The court found that it was "clearly and undeniably" forseeable that human life would be endangered and that the service dog was tortured to the point of death by fire and smoke. The court found Fulford in need of correctional treatment and that a lesser sentence would deprecate the seriousness of this offense.

The court specifically acknowledged that it read and considered the letters submitted on Fulford's behalf. Of particular interest to the court was that the "theme" of the letters requesting no incarceration was that help was needed to care for Mrs. Fulford. The court stated:

7

> [H]owever, the Court finds that what these family members and friends are suggesting is that rather than incarcerating this defendant for his criminal actions that he be placed in the position of caretaker of the very person that he exposed to possible harm by his own actions in setting fire to the house that she was in, knowing that her physical ability to egress that house was very limited.

The court further noted that a suspended sentence was not allowable under the law and law enforcement officers had recommended the maximum sentence under the law.

Fulford benefited enormously from the dismissal of an attempted first degree murder charge, especially in light of his admission that he was trying to end his wife's suffering. Fulford, knowledgeable and experienced in fires and arson, intentionally set fire to his home while his barely mobile wife sat watching television. He did not enter the trailer and help her escape; rather, he waited at the door calling to her and when she, amazingly, appeared, Fulford pulled her from the home he set ablaze and abandoned. Fulford knew that his wife's service dog was inside the trailer and made no attempt to save it. Concurrent sentences of 12 and 4 years at hard labor, plus the nominal fine of $500 is not excessive.

Error Patent:

The applicable sentencing statute for aggravated arson, La. R.S. 14:51(B), requires that the first 2 years of the sentence be served without benefit of probation, parole or suspension of sentence. The trial court stated this restriction when advising Fulford of his sentencing exposure, but failed to reiterate it upon imposition of sentence. This error does not require corrective action as it is self-activating under La. R.S. 15:301.1. *State v. Kennon*, 52,661 (La. App. 2 Cir. 5/22/19), 273 So. 3d 611 620; *State v.*

8

*Casaday*, 51,947 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1057, *writ denied*, 18-0700 (La. 11/5/18), 255 So. 3d 1047; *State v. Garner*, 46,723 (La. App. 2 Cir. 11/2/11), 78 So. 3d 186.  In addition, the minutes correctly reflect the statutory restriction, thus, no correction to the minutes is required.

## CONCLUSION

For the foregoing reasons, defendant's convictions and sentences are affirmed.

9