COX, J.
This criminal appeal arises from the First Judicial District Court, Caddo Parish. Paul A. Baker ("Baker") was convicted of one count of pornography involving juveniles. He was sentenced to 15 years at hard labor, without benefit of parole, probation, or suspension of sentence. Baker filed a timely motion to reconsider sentence, which was denied. Baker now appeals. For the following reasons, Baker's conviction and sentence are affirmed. The case is remanded for the limited purpose of providing Baker with the appropriate written notice of the sex offender registration requirements.
FACTS
On March 3, 2014, Baker was charged by bill of information with pornography involving juveniles in violation of La. R.S. 14:81.1. Baker waived arraignment and pled not guilty.
On June 20, 2014 and March 23, 2015, Baker's attorney filed motions to suppress physical evidence found on Baker's computer hard drive. Following a hearing, the motions were denied. On April 14, 2016, Baker filed a pro se motion to suppress post-Miranda statements made by him to investigating officers. Following a free and voluntary hearing on September 27, 2016, the motion to suppress was denied and the statements were deemed admissible.
Baker's trial was held on February 15, 2017. Agent Alex Harris, who was with the High Crimes Unit of the Louisiana Attorney General's Office at the time of this offense, testified that he initiated an undercover peer-to-peer investigation[1] in August 2013. Agent Harris stated that the investigation focused on identifying pornographic material being shared among computers with the use of special software. Agent Harris explained that he was able to identify several files indicative of child pornography associated with IP address 162.193.63.13. According to the testimony of Agent Harris, the files that he downloaded from that IP address included sexually explicit images, including rape and abuse, of children between the ages of 3 and 10. He then sent a subpoena to AT & T, the service provider for that IP address, to obtain subscriber information. The subscriber was Jakari Greer[2] at 1330 Summer Street in Shreveport. Agent Harris transferred the investigation to Agent Lisa Koprowski Maher, with the Louisiana Department of Justice, Office of the Attorney General.
*994 Agent Maher testified that she obtained and executed a search warrant at Baker's home, 1330 Summer Street, on January 9, 2014. Baker and his wife were present in the home when the warrant was executed. Agent Maher testified that Baker was read his Miranda rights and verbally acknowledged that he understood his rights. Baker also executed a waiver of rights form. Agent Maher stated that Baker admitted to downloading child pornography.
A desktop computer and tablet were found during the search of the home. Agent Maher testified that Baker stated both devices belonged to him. Baker told investigators that "Dad" was the username for the computer and provided the password as well. Agent Maher testified that a forensic search of the hard drive revealed videos and images of children between the ages of 2 and 14 in sexually explicit poses and activities.
Agent Maher was questioned about the five-month delay between the initial investigation revealing the images and the issuance of the search warrant. She testified that obtaining information from service providers can take time. Agent Maher further testified that it is common for the name of the subscriber on record with the service provider to be different from the person who resides in the house. She explained that the subscriber information is used to determine the municipal address. She further explained that interviews and forensic searches of devices are used to determine who is downloading the pornography. According to Agent Maher, Baker claimed sole ownership and use of the user account "Dad," which is the only location on the hard drive that contained child pornography.
Agent David Ferris, Special Agent with the Cyber Crimes Unit of the Attorney General's Office, testified that he assisted in the execution of the search warrant at Baker's residence. Agent Ferris was accepted by the trial court as an expert in peer-to-peer investigations. Agent Ferris conducted a post-Miranda recorded interview with Baker, which was admitted into evidence as State's Exhibit 5 during the agent's testimony. On the audio recording, Baker admits that he downloaded child pornography and explains how he searched for the images/videos and that he sometimes masturbated while looking at the images. Agent Ferris testified that Baker stated he is the only user of the computer.
Detective Jeff Allday, of the Shreveport Police Departments's Sex Crimes Division, testified that he is a member of the Internet Crimes Against Children (ICAC) task force, which strives to catch internet predators. Detective Allday assisted in the execution of the search warrant and testified that he secured the home while Agents Maher and Ferris began previewing the devices. Detective Allday testified that he observed the preview and that he saw approximately 40 images and 10 videos containing child pornography. In Detective Allday's opinion, the children depicted were between the ages of 2 and 5 and the images were of vaginal, oral, and anal intercourse. Detective Allday placed Baker under arrest.
Thomas Ferguson, a forensic examiner with the Attorney General's Office, was accepted as an expert in the field of computer forensics analysis. Agent Ferguson explained his procedure for making a forensic copy of the devices and stated that, while examining Baker's hard drive, he found files containing child pornography, specifically, 226 videos, 1,330 pictures, and 1,856 duplicated files. Agent Ferguson found 147 "unique" files associated with child pornography. For trial purposes, the state selected a small sample of the images/videos. Agent Ferguson identified 10 images and 1 video, which were admitted *995 into evidence and published to the jury.[3] His testimony revealed that these 11 files were all of a sexual nature involving infants, toddlers, and small children.
At the conclusion of Agent Ferguson's testimony, both the state and the defense rested. On February 15, 2017, a unanimous jury found Baker guilty as charged. Baker's motion for post-verdict judgment of acquittal and motion for new trial were both denied. On March 6, 2017, Baker was sentenced to 15 years at hard labor without benefits.[4] Baker's motion to reconsider sentence was timely filed and denied by the trial court. This appeal followed.
DISCUSSION
Excessive Sentence
Baker, through his appellate counsel, argues his 15-year sentence without benefits is excessive. He argues the sentence is effectively a life sentence because he is 65 years old. Baker states the sentence is constitutionally excessive because of his limited criminal history, comprised of "some misdemeanors from the '80s", and his age-related medical issues. Baker argues the sentence serves no purpose and violates his constitutional rights. In his motion to reconsider sentence before the trial court, Baker only argued constitutional excessiveness.
La. C. Cr. P. art. 881.1(E) precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court.
In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Washington , 50,337 (La. App. 2 Cir. 1/13/16), 185 So.3d 852, writ denied , 16-0224 (La. 2/3/17), 215 So.3d 688. There is no requirement that specific matters be given any particular weight at sentencing. State v. Brown , 51,352 (La. App. 2 Cir. 5/2/17), 223 So.3d 88.
Second, the court must determine whether the sentence is constitutionally excessive. Id. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice.
*996 State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 17-0353 (La. 11/13/17), 229 So.3d 478.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of a manifest abuse of discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. Brown, supra .
La. R.S. 14:81.1(E)(1)(a) provides that a person convicted of pornography involving juveniles shall be fined not more than $50,000 and imprisoned at hard labor for not less than 5 years, nor more than 20 years at hard labor, without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1(E)(5)(a) provides that when the victim is under 13 years of age and the offender is seventeen years of age or older, the offender shall be punished by imprisonment at hard labor for not less than one-half the longest term nor more than twice the longest term of imprisonment set out in 14:81(E)(1)(a), without the benefit of parole, probation, or suspension of sentence.[5]
A defendant who intentionally possesses child pornography can be charged on a separate count, and sentenced separately for each count upon which the defendant is convicted, for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant's collection of child pornography. State v. Jack , 51,428 (La. App. 2 Cir. 6/21/17), 224 So.3d 492.
The trial judge did not abuse his discretion by imposing a 15-year sentence. Since Baker's motion to reconsider was limited to constitutional excessiveness, he is relegated to such review on appeal. Nevertheless, the record shows that the trial judge adequately complied with La. C. Cr. P. art. 894.1, and considered the appropriate factors in determining Baker's sentence.
While no pre-sentence investigation report was ordered, the trial judge expressly enumerated his considerations of Article 894.1, first delineating aggravating factors. The trial judge indicated that there is a risk of Baker committing other crimes if given a suspended sentence or probation and that a lesser sentence would deprecate the seriousness of the offense. As an aggravating factor, the trial judge found that the downloading and use of child pornography re-victimizes children and encourages and facilitates a market for the abuse. The victims of the child pornography are incapable of resistance due to their extreme youth.
The trial judge noted that every child is re-victimized with each download and use of the image(s) depicting that child. The trial judge emphasized that in this case there were multiple victims and incidents for which Baker could have been separately charged and that the state showed mercy in only charging Baker with one count. The trial judge stated that this was the "most disturbing" child pornography he had ever viewed as a judge and that "no one should ever have to see that, and no *997 child should ever [be] subjected to that." Finally, he noted that Baker was not provoked into this deviant behavior and Baker has not compensated the victims.
Next, the trial judge noted the following factors in mitigation: Baker has no prior criminal history, except for past misdemeanor incidents in the 1980s, is not a repeat sex offender, and he is 65 years old.
The trial judge thoughtfully stated that this is one of the worst offenses covered by the statute, but not by one of the worst offenders because Baker "does not have a substantial history of personally victimizing children, that is, upon their persons directly." Thus, balancing the considerations, the trial judge stated he would "mitigate away from the very maximum sentence" and imposed 15 years at hard labor, which is without benefits by statute.
Baker's sentence is not constitutionally excessive. Baker intentionally searched for and viewed images of toddlers in sexually graphic positions and images in which the victims were clearly in physical and emotional distress. Baker admitted to gaining sexual gratification from viewing these images. Baker received an enormous benefit from the State by only being charged with one count when he could have been charged with at least 147 counts, based on what was actually located on his computer. Given Baker's deplorable conduct, the 15-year sentence imposed by the trial judge in no way shocks the sense of justice and is not excessive. This assignment of error is without merit.
Pro Se Issue
Baker filed a pro se document with this Court complaining "on appeal" of the denial of his motion to suppress physical evidence obtained off of his hard drive.
On June 20, 2014 and March 23, 2015, Baker filed identical motions to suppress the evidence seized off of his computer hard drive. Baker asserted that the warrant had become stale after the passage of five months from the time the authorities discovered that Baker allegedly had items of child pornography on his computer in August 2013, to the time the warrant was obtained and executed on January 9, 2014.
The matter was heard on July 6, 2015, with the sole issue being the legal determination of the concept of staleness. Baker's counsel argued that the fact that the images found during execution of the warrant were not the same images that provided the probable cause for obtaining the warrant five months earlier was fatally defective to the warrant. Counsel argued that it is not enough that contraband is found during the search, but it must be the same contraband that provided probable cause for the search. Following the arguments of counsel, the trial judge denied the motion to suppress stating that he found no legal support for concluding that five months would render a warrant stale when it concerned non-perishable, non-consumable items that would be expected to remain in the alleged offender's possession for an indeterminate period of time. Baker sought supervisory review with this Court, which denied the writ on the showing made.
On appeal, Baker's pro se argument is that the images of child pornography are consumables subject to being deleted by the user at any time. He presents a somewhat technical argument concerning the over writing of, and storing of, files on a computer hard drive in support of his argument that such images are transferred and/or deleted often and are subject to the doctrine of consumability such that a five-month delay in the execution of a warrant renders it stale.
The appellate court reviews the trial court's ruling on a motion to suppress *998 under the manifest error standard for factual determinations, as well as credibility and weight determinations, while applying a de novo review to its findings of law. State v. Jordan , 50,002 (La. App. 2 Cir. 8/12/15), 174 So.3d 1259, writ denied , 15-1703 (La. 10/10/16), 207 So.3d 408.
The defendant bears the burden of proving the inadmissibility of evidence seized with a warrant. La. C. Cr. P. art. 703(D).
The U.S. Const. Amend. IV states in pertinent part, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."
La. Const. art. I, § 5 states in pertinent part, "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."
A search warrant will withstand an attack of "staleness" if the facts contained in the affidavit have not become so attenuated with the passage of time so as to render those supporting facts nonexistent. Stated another way, "the proof (of probable cause) must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." State v. Williams , 46,842 (La. App. 2 Cir. 3/14/12), 87 So.3d 949, quoting State v. Thompson , 354 So.2d 513 (La. 1978). A warrant may become stale if facts and circumstances at the time of its execution show that probable cause no longer exists. Thus, staleness is only an issue when the passage of time makes it doubtful that the object sought in the warrant will be at the place where it was observed. State v. Williams, supra , citing State v. Casey , 99-0023 (La. 1/26/00), 775 So.2d 1022, cert. denied , 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
The determination of whether the passage of time rendered the facts supporting probable cause to be so attenuated as to defeat the inference that the objects sought may still be found on the premises, depends on the facts and circumstances of each case. Whether an object from its nature can be expected to be retained on the premises and whether the evidence indicates that the course of conduct is continuing are important factors to consider. State v. Ogden , 391 So.2d 434 (La. 1980).
In State v. Friday , 10-2309 (La. App. 1 Cir. 6/17/11), 73 So.3d 913, 922, writ denied , 11-1456 (La. 4/20/12), 85 So.3d 1258, the defendant entered a Crosby plea to 300 counts of child pornography and was convicted by jury of aggravated and attempted forcible rape of juvenile victims. The defendant moved to suppress the evidence seized based on the staleness doctrine. He argued probable cause for the search warrant did not exist because the information was from a former live-in girlfriend, who defendant had not lived with for three years. The trial court found that the information was not stale and the 1st Circuit affirmed, noting that:
[T]here is nothing revelatory about the notion that a collector of child pornography will maintain his collection for years. This idea is arguably part of the field of common knowledge. Courts over the years have consistently found that collectors of child pornography do not quickly dispose of their cache and, in fact, rarely if ever dispose of such material. As such, even a substantial delay between the distribution of child pornography and the issuance of a search warrant does not render the underlying information stale. This is so because the possession of child pornography is a crime that is ongoing and continuing in nature.
*999 In Friday , the items sought in the warrant were non-consumable images of child pornography. The same type of item was sought in the instant case. The authorities discovered Baker's possession of several images and videos of child pornography, and, five months later when the warrant was obtained and executed, more than 40 items were seized. This is not the same situation as a drug warrant or search for stolen items, which one would expect to be moved from the location over time. These items were of the type that the offender would retain for personal use and which would remain on the premises. In addition, the items are of the nature that would indicate the offender would continue to use them. On these facts, there is no support for the argument of staleness. The trial judge did not err in denying the motion to suppress.
Errors Patent
A review of the record reveals that the trial judge did not properly inform Baker of the mandatory sex offender registration and notification requirements set forth in La. R.S. 15:540, et seq. Pornography involving juveniles is defined as a sex offense under La. R.S. 15:541. La R.S. 15:543 requires that the trial judge notify a defendant convicted of a sex offense, in writing (see La. R.S. 15:543.1 ), of the registration and notification requirements and that an entry be made in the court minutes stating that the written notification was provided to the defendant.
The record does not indicate that Baker was provided with oral or written notification of the sex offender requirements. Accordingly, this matter should be remanded to the trial court for the sole purpose of providing the appropriate written notice to Baker of the sex offender registration requirements and for the filing of written proof of such notice into the record of the proceedings.
The trial judge failed to impose the mandatory fine of not more than $50,000, pursuant to La. R.S. 14:81.1(E)(1)(a). La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. However, this Court is not required to take such action. State v. Wesley , 49,438 (La. App. 2 Cir. 2/26/15), 161 So.3d 1039, writ not considered , 15-1096 (La. 3/14/16), 188 So.3d 1065. Since this Court is not required to take action and Baker is not prejudiced in any way by the failure to impose the mandatory fine, we decline to impose the fine.
CONCLUSION
For the foregoing reasons, Baker's conviction and sentence are affirmed. This case is remanded to the trial court for the limited purpose of providing Baker with the appropriate written notice of the sex offender registration requirements and filing written proof thereof in the record.
AFFIRMED; REMANDED WITH INSTRUCTIONS.

Peer-to-peer refers to a sharing of files among individual computers via special software that allows individuals to download files from "peer" computers and allow files to be downloaded from their computers.

Investigators later learned from Baker that Jakari Greer is his middle son.

Agent Ferguson's testimony described each image and video presented at trial. Because Agent Ferguson's testimony revealed these images and video to be extremely disturbing and the sufficiency of the evidence is not at issue, this panel declined to view the images and video presented at trial. As the trial judge noted, "There were numerous children in profoundly disturbing and heinous acts in this case."

Baker expressly waived the 24-hour sentencing delay under La. C. Cr. P. art. 873. The trial judge properly advised Baker as to the time within which he could seek post-conviction relief.

The record indicates the trial judge sentenced Baker under La. R.S. 14:81.1(E)(1)(a), and both sides agreed this was the correct sentencing statute. However, Baker falls within paragraph (5)(a) because he is well over 17 years old and, according to the trial transcript, the children were under the age of 13. Under paragraph (5)(a), Baker has a possible sentence of 10-40 years imprisonment, without benefits. The trial judge's sentence of 15 years is within the appropriate sentencing range.