Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,058-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LANDER ZACKERY                              Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. F-2017-299

Honorable Stephen Gayle Dean, Judge

* * * * *

LOUISIANA APPELLATE PROJECT             Counsel for Appellant
By:  Annette F. Roach

JOHN M. LANCASTER                       Counsel for Appellee
District Attorney

KENNETH D. WHEELER
AMANDA M. WILKINS
Assistant District Attorneys

* * * * *

Before MOORE, PITMAN, and COX, JJ.

**COX, J.**

This criminal appeal arises from the Fifth Judicial District Court, Richland Parish, Louisiana. Lander Zackery was charged by bill of information with possession with intent to distribute a Schedule I controlled dangerous substance: marijuana, in violation of La. R.S. 40:966(A)(1); and, illegal carrying of weapons while in the possession of a controlled dangerous substance: Highpoint 40 caliber pistol, in violation of La. R.S. 14:95(E). Zackery reached a plea agreement with the State in which he pled guilty to possession with intent to distribute a Schedule I controlled dangerous substance: marijuana. The State dismissed the illegal carrying of a weapon charge. The agreement also included a 10-year sentencing cap, no multi-bill, and required Zachery to forfeit the weapon. Zackery was sentenced to 10 years at hard labor. Zackery filed a pro se motion to reconsider the sentence, which was denied. He now appeals, urging ineffective counsel during and after sentencing, leading to an excessive sentence. For the following reasons, we affirm the conviction and sentence.

## FACTS

The facts of this case are uncontroverted. According to the evidence admitted at Zackery's guilty plea hearing held on July 18, 2018, on October 20, 2017, Zackery was driving a gray, four-door vehicle eastbound on I-20. Zackery crossed the fog line on the right side of the exit ramp while exiting the Interstate and then failed to come to a complete stop at a stop sign. Officers initiated a traffic stop. Officers approached Zackery and asked whether he had any illegal substances, guns, or knives. Zackery responded that he did not. Officers noted that Zackery was fumbling with his words and kept reaching between his legs, toward the floorboard of the vehicle.

Officers then asked for consent to search Zackery's vehicle. Zackery

consented to the search. When Zackery exited the vehicle, he attempted to

take a camouflage bag and jacket from the vehicle. The officers ordered

Zackery to leave the items in the vehicle. At that time, Zackery informed

the officers that there was a pistol in the bag. Police searched the vehicle

and located a Highpoint 40 caliber pistol and a plastic bag of suspected

marijuana inside the camouflage bag. The search also revealed several

vacuum-sealed bags of suspected marijuana, approximately 9 pounds, inside

a duffle bag and a cooler which were both locked in the trunk. The

suspected marijuana was sent for testing at the North Louisiana

Criminalistics Laboratory and confirmed to be marijuana. The exact weight

was 4,044.8 grams. At his plea hearing, Zackery was informed that he had a

right to appeal a conviction after a trial, but by pleading guilty, he was

giving up those rights. Zackery acknowledged that he understood. The

following colloquy occurred:

> Q. Do you understand that since you've entered into a plea
> bargain with regard to the sentence, you will not be allowed to
> appeal or seek review of the length or severity of the sentence
> and I will not be able to amend, modify, or reduce your
> sentence after you begin serving your sentence. Do you
> understand that?
>
> A. Yes, sir.

Zackery was sentenced pursuant to a plea agreement which consisted

of a 10-year cap, waiving sentencing as a habitual offender, and forfeiting

his pistol. Zackery's sentencing hearing took place on January 9, 2019. The

district court made note of the pre-sentence report which contained positive

and negative information regarding Zackery. The district court pointed out

that Zackery showed remorse, that he wanted to be a better person, he was a

2

veteran and works to help veterans fill out paperwork, he had a newborn child in need of support, and he suffered from pain which contributed to his marijuana use. The district court noted that Zackery requested a sentence that did not include jail time. The court also considered Zackery's social history and letters written from relatives, law enforcement, and friends as mitigating factors. The district court related that Zackery had been convicted of drug trafficking marijuana in November 2017, after the commission of the present offense, and received a probated sentence. Additionally, the court noted Zackery had three separate arrests for crimes against persons, all of which were not prosecuted by a local prosecutor.

In accordance with La. C. Cr. P. art. 894.1, the trial court found the following aggravating factors applicable: 1) there was an undue risk during the sentence of probation that Zackery would commit another crime; 2) Zackery was in need of correctional treatment that could be provided most effectively through commitment to an institution; and, 3) a lesser sentence would deprecate the seriousness of Zackery's crime. The district court determined that based on the seriousness of his crimes, the aggravating circumstances, and that there were no mitigating circumstances applicable, a 10-year sentence was appropriate. Therefore, Zackery was sentenced to 10 years at hard labor. He was given credit for time served, provided with post-conviction relief time delays, and informed that he could appeal any or all of these proceedings.

In response to the district court's sentencing, Zackery filed a pro se motion to reconsider sentence. In his motion, Zackery argued his sentence was excessive. He pointed to the fact that he was a military veteran who served 21 years in the United States Army, he has an associate's degree, he

3

supports one minor child and raised 6 adult children who live respectable lives, he has several physical and mental ailments, including post-traumatic stress disorder as well as spine injuries from combat, and that he has no prior criminal convictions. Zackery further argued that he accepted responsibility for his action and that since marijuana is being legalized, it is comparable to drinking a beer or smoking a cigarette. The motion was denied without a hearing. A pro se motion for appeal was granted and this appeal ensued.

**DISCUSSION**

On appeal, Zackery argues that trial counsel rendered ineffective assistance of counsel when counsel: 1) failed to present evidence in mitigation at the sentencing hearing; 2) failed to object to the court's conclusion that there were no mitigating factors present in this case; 3) failed to object to the sentence imposed; and, 4) failed to file a motion to have the sentence reconsidered by the court in light of the mitigating factors present in the case. Zackery contends if the mitigating evidence had been presented, a lesser sentence would have been imposed.

In contrast, the State argues an ineffective assistance of counsel claim should be raised on post-conviction relief and not on appeal. Further, it contends that Zackery fails to meet the *Strickland* test for ineffective counsel. The State argues that the district court was made aware of Zackery's military history, newborn son, his mental afflictions, and that the marijuana was used for pain relief. The State also claims that the district court was aware of Zackery's work helping veterans fill out paperwork. The State points out that the district court also took into account Zackery's criminal history as an aggravating circumstance which led to extended jail time and maintains that Zackery's mitigating circumstances were heard in

4

his pro se motion to reconsider sentence and were denied. Zackery, according to the State, failed to show how the mitigating evidence would have led to a lesser sentence.

Finally, the State argues that Zackery's sentence is not excessive. The State asserts that Zackery was the beneficiary of a plea agreement that gave him reduced time for one charge and the dismissal of another felony gun charge. Further, the State could have charged Zackery as a habitual offender, but waived this right. The State argues that the sentence was within the statutory guidelines and is, therefore, not excessive.

The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Where a specific sentence has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved. *State v. Kennon*, 52,661 (La. App. 2 Cir. 5/22/19), 273 So. 3d 611; *State v. Taylor*, 44,205 (La. App. 2 Cir. 5/13/09), 12 So. 3d 482. However, when the right to appeal has been mentioned by the district court during the plea colloquy, even though there is an agreed sentence or sentence cap, the defendant's sentence may be reviewed. *Kennon*, *supra*; *State v. Thomas*, 51,364 (La. App. 2 Cir. 5/17/17), 223 So. 3d 125, *writ denied*, 17-1049 (La. 3/9/18), 238 So. 3d 450; *State v. Fizer*, 43,271 (La. App. 2 Cir. 6/4/08), 986 So. 2d 243.

Generally, a claim of ineffective assistance of counsel is properly raised in an application for post-conviction relief in the trial court because it creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State (City of Ruston) v. Campos*, 51,447 (La. App. 2 Cir. 6/21/17),

224 So. 3d 480; *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175. When the record is sufficient, the claim may be resolved on direct appeal in the interest of judicial economy. *State v. Ratcliff*, 416 So. 2d 528 (La. 1982); *Campos*, *supra*; *State v. Willars*, 27,394 (La. App. 2 Cir. 9/27/95), 661 So. 2d 673.

The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment of the United States Constitution. *Campos*, *supra; see State v. Wry*, 591 So. 2d 774 (La. App. 2 Cir. 1991). Under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Louisiana Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Legrand*, 02-1462 (La. 12/3/03), 864 So. 2d 89, *cert. denied*, 544 U.S. 947, 125 S. Ct. 1692, 161 L. Ed. 2d 523 (2005); *Campos*, *supra*.

An attorney's performance is deficient when the attorney's actions fall below the standard of reasonableness and competency required for attorneys in criminal cases and is evaluated from the attorney's perspective at the time of the occurrence. *Strickland*, *supra*; *Campos*, *supra*. Once the attorney's performance is found to have been deficient, the defendant must show that the errors were so serious as to deprive the defendant of a fair trial. *Strickland*, *supra*; *State v. Brown*, 51,352 (La. App. 2 Cir. 5/2/17), 223 So. 3d 88, *writ denied*, 17-1154 (La. 5/11/18), 241 So. 3d 1013. The defendant

must prove the deficient performance caused him an actual prejudice so severe that, but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland, supra; Brown*, *supra.*

A reviewing court must give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. *Campos*, *supra*; *State v. Grant*, 41,745 (La. App. 2 Cir. 4/4/07), 954 So. 2d 823, *writ denied*, 07-1193 (La. 12/7/07), 969 So. 2d 629.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *Baker*, *supra*. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *Baker*, *supra*; *State v. Washington*, 50,337 (La. App. 2 Cir. 1/13/16), 185 So. 3d 852, *writ denied*, 16-0224 (La. 2/3/17), 215 So. 3d 688. There is no requirement that specific matters be given any particular weight at sentencing. *Baker*, *supra*; *Brown*, *supra*.

7

Second, the court must determine whether the sentence is constitutionally excessive. *Baker, supra.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *Baker, supra*; *State v. Scott*, 50,920 (La. App. 2 Cir. 11/16/16), 209 So. 3d 248, *writ denied*, 17-0353 (La. 11/13/17), 229 So. 3d 478.

The court must state for the record the considerations taken into account and the factual basis for the sentence imposed. La. C. Cr. P. art. 894.1(C). The court must consider the defendant's personal history, the defendant's criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Boehm,* 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596. There is no requirement that specific matters be given any particular weight at sentencing. All convictions and all prior criminal activity may be considered, as well as other evidence normally excluded from the trial. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357; *State v. Platt*, 43,708 (La. App. 2 Cir. 12/3/08), 998 So. 2d 864, *writ denied*, 09-0265 (La. 11/6/09), 21 So. 3d 305. A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. *Vanhorn*, *supra*; *State v. Weston*, 52,312 (La. App. 2 Cir. 11/14/18), 260 So. 3d. Absent specific authority, it is not the role of an

8

appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Vanhorn*, *supra*.

Any person who violates La. R.S. 40:966(A)(1) with respect to a substance classified in Schedule I, which includes marijuana, shall be imprisoned at hard labor for not less than one year nor more than twenty years and pay a fine of not more than fifty thousand dollars. La. R.S. 40:966(B)(2)(b).

Typically, a defendant waives his right to appeal a sentence when he accepts a plea deal. However, when the right to appeal is mentioned in the plea colloquy, the defendant's sentence may be reviewed. Here, during the plea colloquy, the district court informed Zackery that he could not appeal the sentence. Zackery then acknowledged that he understood. But, during the sentencing hearing, the district court told Zackery that he could appeal "any or all of these proceedings." In *State v. Pullig*, 44,606 (La. App. 2 Cir. 9/23/09), 22 So. 3d 1043, and *State v. Fizer*, 43,271 (La. App. 2 Cir. 6/4/08), 986 So. 2d 243, this Court held that when the district court informed the defendants of time limitation for appeal after the sentence was imposed, the district court did not influence the defendant's guilty plea. Therefore, the defendants were precluded from seeking review of the sentence. Here, although the district court stated that Zackery could seek an appeal during the sentencing hearing, the district court properly informed Zackery that he could not seek such appeal during Zackery's plea hearing. Thus, the district court did not influence the defendant's guilty plea and a sentencing claim could not be reviewed.

However, notably, Zackery is not directly appealing an excessive sentence, but that counsel was ineffective. Although a claim for ineffective

9

counsel is more aptly raised in an application for post-conviction relief, the record is sufficient to address the claim on direct appeal. Thus, Zackery must satisfy the two-part test outlined in *Strickland*. First, Zackery must show that counsel made errors so serious that counsel was not functioning as guaranteed by the Sixth Amendment. As stated in his brief, Zackery argues that counsel 1) failed to present evidence in mitigation at the sentencing hearing; 2) failed to object to the court's conclusion that there were no mitigating factors present in this case; 3) failed to object to the sentence imposed; and, 4) failed to file a motion to have the sentence reconsidered by the court in light of the mitigating factors present in the case.

Yet, all of the mitigating evidence Zackery raises in his motion to reconsider (his military history, education, lack of criminal history, children, and physical and mental ailments including post-traumatic stress disorder) were raised at various hearings. For instance, at the guilty plea hearing, the district court learned of his military history:

> Q: I need to also ask you do you have any work experience?
>
> A: I- well, I retired from the military. Twenty-one years in the military.

Zackery also made his mental ailments known to the district court:

> Q: Do you have any physical, or mental, or emotional problems which would affect your understanding of these proceedings?
>
> A: Not with the understanding I have post-traumatic stress disorder. But it doesn't physically make me to where I can't understand.

Further, at the sentencing hearing, the district court recited information Zackery provided in the pre-sentence investigation report. This report included Zackery's acknowledgement of wrongdoing, his work with veterans, and that he had a newborn child. Also, Zackery admitted that he

pled guilty to drug trafficking in Alabama one month after he was arrested for the instant offense. Therefore, the court had knowledge of all mitigating evidence that Zackery argues was ignored. The fact that the district court did not list every aggravating or mitigating factor does not invalidate the sentence. Finally, although counsel did not bring a motion to reconsider sentence, Zackery brought his own thorough pro se motion to reconsider sentence that was considered and promptly denied by the district court. Therefore, counsel's performance was not deficient.

For the second part of the *Strickland* test, Zackery must show that counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered in an unfair manner and led to a suspect verdict. Because Zackery could not show counsel's performance was deficient, he has failed to satisfy this burden. Even if Zackery could have shown that his counsel's performance was deficient, Zackery has not provided evidence to show that the outcome would have been different. Zackery accepted a plea agreement freely and voluntarily, and was aware that it came with a 10-year sentencing cap.

Finally, Zackery's sentence was not excessive. Zackery received a plea deal that dismissed a gun charge, waived the habitual offender statute, and was then sentenced within the statutory limits. Given that possession with intent to distribute a schedule I narcotic comes with a maximum sentence of 20 years, Zackery's 10-year sentence was well within the statutory limitation. Therefore Zackery's assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, Zackery's conviction and sentence are affirmed.

**AFFIRMED.**