Judgment rendered May 25, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,483-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DESI L. DOWLES                              Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. F-2020-39

Honorable John C. Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad M. Ikerd

DESI L. DOWLES                       Pro Se

PENNY WISE DOUCIERE                  Counsel for Appellee
District Attorney

KENNETH D. WHEELER
Assistant District Attorney

* * * * *

Before COX, THOMPSON, and ROBINSON, JJ.

**COX, J.**

This case arises out of the Fifth Judicial District Court, Richland Parish, Louisiana. Desi L. Dowles pled guilty to one count of manslaughter, in violation of La. R.S. 14:31, and one count of attempted armed robbery, in violation of La. R.S. 14:27 and 14:64. Dowles was sentenced to 35 years at hard labor for manslaughter and 15 years at hard labor for armed robbery. The sentences were ordered to run consecutively. Dowles filed a motion to reconsider sentence, which was denied. Dowles now appeals, arguing his sentence is excessive. For the following reasons, we affirm Dowles's convictions and sentences.

## FACTS

Dowles's original indictment was for one count of second degree murder and one count of conspiracy to commit armed robbery. Dowles was 17 years old when the offenses were committed. The State filed a notice of intent to prosecute him as an adult. Before trial, Dowles agreed to a plea deal with the State. He agreed to plead guilty to one count of manslaughter and one count of attempted armed robbery. He agreed that the sentences would run consecutively to one another with a sentencing cap of 55 years of imprisonment at hard labor. In exchange for the plea, Dowles agreed to testify against his codefendant, Jonathan Guice, should he go to trial. The following facts were agreed to in the April 14, 2021, plea agreement:

> The defendant admits that on January 6, 2020, he and co-defendant, Jonathan Guice, agreed to rob Charley Island, who lived on Earline St. in Rayville. The defendant admits that he and Jonathan Guice drove by Charley Island's house on at least two occasions to scope it out. The defendant further admits that he drove Jonathan Guice to a point near Charley Island's house for the purpose of committing an armed robbery of Charlie Island. Once they neared Charley Island's house, the defendant parked a blue Ford mustang that he was driving on Stone

Avenue near the residence of Charley Island's house. Jonathan Guice told him that he was going to rob Charley Island. The defendant observed Jonathan Guice exit the passenger door of the vehicle and walk towards the house of Charley Island. The defendant heard a shot and Jonathan Guice came running back to the car. Guice told the defendant to "go go go." Guice told the defendant that he shot Charley Island.

The trial court found Dowles's guilty plea to be free and voluntary and accepted the guilty plea. The trial court ordered a presentence investigation report, and the sentencing hearing was held on June 23, 2021. The trial court stated the following as aggravating factors. Dowles had a lengthy juvenile detention record, which included a crime against the person, and was in juvenile custody until 30 days before this offense was committed. The crime involved the use of a dangerous weapon. Based on the police reports of conversations between Dowles and his codefendant about "hitting a lick" on the victim, both were leaders in the commission of the offense. As a mitigating factor, the trial court stated that Dowles showed remorse for being involved in the incident. The trial court asked Dowles and his defense counsel if they wanted to add any additional mitigating factors, and both declined to add anything. Although Dowles was 17 years old at the time of the offense, the trial court stated he had just turned 18 years old.

As to a probated sentence, the trial court stated Dowles's conduct resulted in the serious harm of another human being and highlighted his juvenile history. The trial court noted that imprisonment would not create a hardship on either Dowles or any of his dependents. The trial court found that based on Dowles's record in and out of juvenile detention facilities, he would not benefit from probationary treatment. The trial court stated that based on Dowles's history, there was an undue risk that he would commit another offense if placed on probation or given a suspended sentence.

The trial court acknowledged the terms of the plea agreement and sentenced Dowles to 35 years of imprisonment at hard labor for manslaughter and 15 years of imprisonment at hard labor for attempted armed robbery, to run consecutively with one another.

On July 8, 2021, Dowles filed a motion for reconsideration of sentence, arguing he is a youthful offender, notwithstanding a juvenile history, and his consecutive sentence is excessive. The trial court denied his motion on July 12, 2021. Dowles now appeals his sentences as excessive.

## DISCUSSION

Dowles argues *pro se* that his sentence is excessive. He asserts he should get a lesser sentence because he was not the shooter and only played a part in the armed robbery. He states he had "no motive or intention" regarding what happened.

Dowles's counsel argues that under the facts of this case, his 35-year sentence for manslaughter is excessive. He asserts that he did not waive his right of review as to the excessiveness of the trial court's sentence in his plea agreement. He points out that the trial court stated that he was reserving his right to potentially appeal the sentence. The State agrees that he did not waive his right of review.

Dowles's counsel argues his 35-year sentence for manslaughter is excessive. He asserts that the trial court did not properly consider all of the mitigating factors, including his actual age, that he was a juvenile when the offense was committed, his role in the offense, his remorse, and that he does not have an adult criminal record. Dowles asserts that the error by the trial court regarding his age is crucial because the fact that a defendant is a juvenile at the time of the offense is highly relevant in determining whether

3

the sentence is excessive. He argues that because the manslaughter sentence is consecutive to the 15-year attempted armed robbery sentence, the 35-year manslaughter sentence is excessive. He requests this Court reverse his sentence and remand for resentencing.

The State asserts that the sentence fell within the statutory limits of up to 40 years, and Dowles was not given the maximum sentence. The State highlights that the sentence falls five years short of the 55-year cap from the plea agreement. The State argues the trial court did not abuse its discretion in sentencing Dowles to 35 years' imprisonment for manslaughter.

The State asserts that the fact that the evidence might have supported a verdict of second degree murder is an appropriate sentencing consideration. It argues that because Dowles pled guilty to the lesser charge of manslaughter, his sentencing exposure was reduced from a mandatory life sentence to up to 40 years.

The State argues that although the trial court misstated Dowles's age, it correctly noted his juvenile history and the fact that he had only been out of juvenile detention for 30 days prior to committing the offense. It states that under the law at the time, Dowles was not a juvenile because prior to July 1, 2020, a 17-year-old who committed a crime of violence was still prosecuted as an adult through district court. Dowles was arrested in January 2020 for second degree murder, which is a crime of violence. The State asserts that although it filed a notice of intent to prosecute as an adult, that was only out of an abundance of caution; the district court retained jurisdiction to prosecute 17-year-olds until June 30, 2020. The State requests that Dowles's sentence be affirmed.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Croskey, supra*. There is no requirement that specific matters be given any particular weight at sentencing. *Croskey, supra*.

Second, the court must determine whether the sentence is constitutionally excessive. *Id.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in

5

light of the harm to society, it shocks the sense of justice. *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Vanhorn, supra.* A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Croskey, supra.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Vanhorn, supra.*

The offense of manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31. A conviction for armed robbery carries a penalty of 10-99 years' imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:64. The penalty for an attempted offense is imprisonment for no more than one-half of the longest term of imprisonment prescribed for the offense so attempted, a fine for no more than one-half of the largest fine prescribed the offense so attempted, or both. La. R.S. 14:27. Thus, for attempted armed robbery, Dowles faced a penalty of up to 49½ years at hard labor, without benefit of probation, parole, or suspension of sentence.

Dowles's counsel argues that only the manslaughter sentence is excessive. However, Dowles argues *pro se* for a lesser sentence, without distinguishing between the two sentences. Therefore, we will address whether both sentences are excessive.

The trial court did not err when sentencing Dowles to 15 years at hard labor for attempted armed robbery and 35 years for manslaughter. The trial court stated it considered the sentencing guidelines from Code of Criminal Procedure Article 894.1. The trial court considered Dowles's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. The trial court highlighted Dowles's extensive juvenile record, including a crime of violence against the person. It noted the seriousness of the offense, i.e. "deliberate cruelty to the victim" and the victim died as the result of the gunshot wounds. In determining the likelihood of rehabilitation, the trial court stated, "I do not find that you would respond favorably to probationary treatment because of your constant in and out of juvenile facility and that you were only out of the detention facility for thirty days before this man was killed as a result of your conduct."

The trial court considered Dowles's remorse as a mitigating factor. Regarding personal history, the trial court stated it considered the effect of the sentence on any dependents. The trial court incorrectly stated Dowles's age by stating he was 18 instead of 17 years old at the time of the offense. However, we do not find this one-year error to be significant because the trial court correctly stated that Dowles had only been out of juvenile detention for 30 days before this crime was committed. He also correctly noted that Dowles had not had the opportunity to make an adult criminal record.

Considering the facts of this case, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to

the severity of the offense. Dowles and his codefendant planned to rob Mr. Island. The trial court stated at sentencing that both of them were leaders in the planning of the crime. Dowles and his codefendant drove to Mr. Island's home in order to rob him. Mr. Island was shot inside his own home. Based on the record before us, Mr. Island did not provoke the robbery, which resulted in his death.

The 50-year total sentence is less than the agreed-upon cap of 55 years. Further, Dowles agreed to consecutive sentences in his plea agreement. The lower than midrange sentence of 15 years' imprisonment for attempted armed robbery is not excessive. The 35-year sentence for manslaughter is on the upper end of the sentencing range, but it is not excessive. This assignment of error is without merit.

*Error Patent*

We have reviewed the record for error patents and find that the attempted armed robbery sentence is illegally lenient because it does not include a proper restriction of benefits. A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *State v. Williams, supra*.

When the trial court fails to order that a sentence be served without benefits as statutorily mandated, the sentence will be automatically served without benefits for the requisite time period. La. R.S. 15:301.1(A); *State v. Williams*, 52,618 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1241. La. R.S. 14:27

8

and 14:64 statutorily mandate that the sentence be served without benefits, and the trial court's failure to declare that those sentences be served with restricted benefits is harmless and self-correcting.

## CONCLUSION

For the foregoing reasons, we affirm Dowles's convictions and sentences.

**AFFIRMED.**