Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,967-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

NISSAN WILLIAMS                             Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 374,160

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

SAM CRICHTON
TOMMY JAN JOHNSON
VICTORIA WASHINGTON
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and ROBINSON, JJ.

**STONE, J.**

This criminal appeal arises from the First Judicial District Court, the Honorable Donald Hathaway presiding. The defendant-appellant, Nissan Williams, was convicted of two counts of molestation of a juvenile under the age of 13 pursuant to La. R.S. 14:81.2(D)(1). The two victims are the defendant's biological daughters. The trial court, without ordering a presentence investigation report ("PSI"), sentenced the defendant to serve 45 years at hard labor on each count; the trial court ordered that the first 25 years of each sentence be served without possibility of parole, and that the sentences run consecutively. The defendant filed a timely motion to reconsider sentence, which the trial court denied. The defendant's assignments of error are: (1) the record does not provide an adequate factual basis for the sentence imposed; and (2) that his sentence is unconstitutionally excessive.

## FACTS

While the victims were visiting the defendant at his home, he touched them on their buttocks and made one of them touch his genitalia. One of the girls further testified that the defendant got naked in front of her during the incident, and that in the past, he had served prison time for physically abusing her. The defendant also gave the girls pills, which he told them was "candy," but it was apparently a stimulant drug as it made them "stay up." Further yet, one victim testified that the defendant showed her a "nasty video" contemporaneously with the molestation—an apparent reference to pornography.

The record contains the defendant's record of arrests and prosecutions (i.e., "rap sheet"). He has been arrested 23 times, served prison time for

felony false imprisonment with a dangerous weapon, and has been on probation multiple times. His rap sheet included:

- two separate arrests for obscenity in violation of La. R.S. 14:106;

- multiple arrests for battery, including domestic abuse battery;

- conviction for false imprisonment with a dangerous weapon, for which he was sentenced to five years' incarceration at hard labor, with all but the first 1.5 years suspended; the arrest also included a charge for aggravated battery with a dangerous weapon;

- arrest for possession of marijuana and use of illegal controlled dangerous substance in the presence of minors;

- two arrests for separate incidents wherein he was charged with resisting an officer in violation of La. R.S. 14:108, and with simple criminal damage to property in violation of La. R.S. 14:56;

- multiple parole violations and traffic infractions;

- failure to pay child support

At sentencing the trial court considered La. C.Cr.P. art. 894.1(A) and expressly found: (1) an undue risk that the defendant would reoffend if allowed a suspended sentence or probation; (2) defendant was in need of correctional treatment or a custodial environment; and (3) a lesser sentence would deprecate the seriousness of the defendant's crimes.

Pursuant to La. C.Cr.P. art. 894.1(B), the trial court found two factors in aggravation: (1) the defendant knew that the victims were incapable of resistance because of their youth; and (2) the defendant abused his position of authority over the girls to facilitate his molestation of them. The trial court found no factors in mitigation.

## DISCUSSION

The defendant argues that his aggregate sentence of 90 years of incarceration is "cruel and unusual" under the Eighth Amendment to the U.S. Constitution and Article 1, Section 20 of the Louisiana Constitution.

Alternatively, the defendant argues that the record does not provide a factual basis supporting the sentences imposed because it lacks information regarding the defendant's personal background and history. He asks this court to remand with instructions for the trial court to receive evidence regarding the defendant's background and then resentence the defendant.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Croskey, supra*. There is no requirement that

specific matters be given any particular weight at sentencing. *Croskey, supra.* Finally, if the record clearly illuminates the basis for the trial court's sentencing choice, failure to fully comply with La. C.C.P. art. 894.1 does not invalidate the sentence. *State v. Roberts*, 427 So. 2d 1300 (La. App. 2 Cir. 1983), *writ denied*, 435 So. 2d 440 (La. 1983).

Second, the court must determine whether the sentence is constitutionally excessive. *Croskey, supra.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Vanhorn, supra.* A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Croskey, supra.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Vanhorn, supra.*

La. R.S. 14:81.2(D)(1) provides a sentencing range of 25 to 99 years:

4

> Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years *shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.*

Thus, the difference between the statutory maximum sentence and minimum sentence is 74 years; the midpoint of that sentencing range is 62 years.

The defendant's 45-year sentences each fall 17 years below that midpoint. Furthermore, the trial court's order for the sentences to run consecutively is amply justified by the fact that each sentence pertains to a different victim.

The defendant's argument that the record lacks information regarding his personal history is factually untrue: the defendant's criminal history, contained in the record, speaks volumes about his personal history. Regardless, however, the defendant does not even allege that he attempted to provide the court with information regarding his background. Accordingly, the defendant's argument that the trial court failed to comply with La. C.Cr.P. art. 894.1 is without merit.

The defendant's claim of constitutional excessiveness is also without merit. He molested his own preteen daughters while he was supposed to be caring for them. He gave them drugs under the pretext that it was "candy." He made one of his daughters touch his genitalia. His criminal record demonstrates a high likelihood that he would reoffend if given the chance. The defendant's aggregate sentence is neither cruel nor unusual.

## CONCLUSION

The defendant's sentences are **AFFIRMED**.